**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JAHSEI REDMON, | Case No. 1:21-cv-445 |
| Plaintiff, | |
| | Cole, J. |
| vs. | Bowman, M.J. |
| | |
| SCOTT NOEL, et al., | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of Cincinnati brings this action against Scott Noel, Chief of Police of Blue Ash Police Department and Hamilton County Prosecutor's Office. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as

1

frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion

couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint appears to arise out of a traffic stop by an officer from the Blue Ash Police Department. Plaintiff claims that the officer tried to force Plaintiff to take a breathalyzer test and he refused. Plaintiff asserts that he was arrested for driving with a suspended license. Plaintiff asserts the arrest deprived him of his liberties and rights as a member of the Washitaw Tribal Nation. Plaintiff seeks removal so that his "due process is not violated," and for his "right to travel, my right to liberty, freedom and peace." (Doc. 1 at 2).[1] Plaintiff seeks relief under the Fair Debt Collection Practices Act (the "Act"), 15 U.S.C. § 1692 et seq., and for violations of his civil rights under 42 U.S.C. § 1983.

Upon careful review, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Here, insofar as the state

---

[1] Plaintiff failed to indicate which state court action forms the basis of that removal. A case referencing these charges is currently pending in the Hamilton County Municipal Court. See *State of Ohio v. Jahsei Omari Redmon,* Case No. C-20-TRC-25028 (Hamilton County Municipal Court), available at https://www.courtclerk.org/records-search/. The docket for that case indicates that a capias was recently issued for the Plaintiff in this case. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

criminal proceedings against Plaintiff are still pending, this Court must abstain from hearing challenges to those proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. See *Younger v. Harris,* 401 U.S. 37, 44–45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart,* 854 F.2d 839, 844–48 (6th Cir. 1988).

Furthermore, Plaintiff cannot proceed with a civil rights action challenging the validity of the state court criminal proceedings unless he also alleges the charges were resolved in his favor. A person convicted of a crime may not raise claims under § 1983 if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. See *Edwards v. Balisok,* 520 U.S. 641, 646 (1997); *Heck v. Humphrey,* 512 U.S. 477, 486 (1994). Specifically, *Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. See *Gorenc v. City of Westland*, No. 02-2456, 2003 WL 21782610 at *2 (6th Cir. July 31, 2003); *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir. 1999). Plaintiff's claims challenge the validity of the criminal proceedings against him. To assert these claims, he must first demonstrate that his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so. As such, the complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. § 1915(e)(2)(B). See *Furr v. Huff*, No. 1:16-CV-771, 2016 WL 5477563, at *2 (S.D. Ohio Aug. 12, 2016), *report and recommendation adopted,* No. 1:16-

CV-771, 2016 WL 5660274 (S.D. Ohio Sept. 29, 2016).  Additionally, although he references the Fair Debt Collection Practices Act, he fails to include any facts or allegations in support of that claim.  Accordingly, the complaint fails to state a claim upon which relief may be granted under the FDCPA, and thus, that claim should also be dismissed under 28 U.S.C. §1915(e)(2)(B).

For these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief.[2]  It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

 s/ Stephanie K. Bowman
Stephanie K. Bowman
United States Magistrate Judge

---

[2] Also before the Court is Defendant Noel's motion to dismiss. (Doc. 3).  In light of the recommendation that this matter be dismissed for failure to state a claim for relief, Defendant's motion (Doc. 3) should be **DENIED as MOOT**.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JAHSEI REDMON, | Case No. 1:21-cv-445 |
| Plaintiff, | |
| | Cole, J. |
| vs. | Bowman, M.J. |
| SCOTT NOEL, et al., | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).