## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**JAHSEI REDMON,**

      **Plaintiff,**

          **v.**

**SCOTT NOEL, et al.,**

      **Defendants.**

**Case No. 1:21-cv-445**
**JUDGE DOUGLAS R. COLE**
**Magistrate Judge Bowman**

## <u>ORDER</u>

This cause comes before the Court on the Magistrate Judge's August 23, 2021, Report and Recommendation ("R&R") (Doc. 7) and Defendant Scott Noel's Motion to Dismiss (Doc. 3). The Magistrate Judge, in furtherance of her sua sponte screening obligations under 28 U.S.C. § 1915, recommends the Court dismiss this matter for failure to state a claim on which relief may be granted and deny Defendant Noel's Motion to Dismiss (Doc. 3), which seeks that same relief, as moot. For the reasons stated more fully below, the Court **ADOPTS** the R&R (Doc. 7). The Court thus **DISMISSES WITH PREJUDICE** the Plaintiff's Complaint (Doc. 6) for failure to state a claim and **DENIES** Defendant Noel's Motion to Dismiss (Doc. 3) as moot.

The R&R advised all parties that failing to object within the 14 days specified by the R&R could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* R&R, Doc. 7, #48). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to

file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the parties here needed to object by September 7, 2021. The time for filing objections has since passed, and no party has objected.

Although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r. Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). The R&R took judicial notice that a state court action is currently pending against Redmon in Hamilton County Municipal Court. (R&R, Doc. 7, #45 n.1). That state criminal action concerns the same charges with which Redmon takes issue in his Complaint (driving under suspension, operating a vehicle under the influence of alcohol or drugs, refusal of a chemical test, and supplying false information). (*See id.*; Compl., Doc. 6, #35). The R&R correctly found that *Younger* abstention prevents a federal court from interfering with pending state proceedings absent "extraordinary circumstances." (R&R, Doc. 7, #46 (citing *Younger v. Harris*, 401 U.S. 37, 44–45 (1971))). Relatedly, the R&R found that Redmon's 42 U.S.C. § 1983 claim was a non-starter because, in

order to challenge the validity of the criminal proceedings against him, he must have first demonstrated that his conviction was "declared invalid by either an Ohio state court or a federal habeas corpus decision," neither of which he had done. (*Id.*; *see also Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)).

Finally, the R&R recognized that Redmon asserted a claim under the Fair Debt Collection Practices Act ("FDCPA"), but found that he had failed to include any facts or allegations in support of that claim. (*Id.* at #47). This Court notes that the FDCPA claim may relate to Redmon's allegation that the Police Officer who arrested him was, in fact, an impersonator. (*See* Compl., Doc. 6, #35). Construing the pleadings quite liberally, Redmon appears to assert that this is a "false or misleading representation" within the meaning of the FDCPA. But such an allegation in any case does not state a claim because that section of the United States Code is inapplicable to the alleged conduct. Rather, it prevents a "*debt collector*" from using "any false, deceptive, or misleading representation or means in connection with the collection of any *debt*." 15 U.S.C. § 1692e (emphasis added). Here, there is no allegation that the Officer who arrested Redmon was acting as a debt collector, or attempting to collect on a debt, in his interactions with Redmon.

Accordingly, the Court **ADOPTS** the R&R (Doc. 7). The Court thus **DISMISSES WITH PREJUDICE** the Plaintiff's Complaint (Doc. 6) for failure to state a claim and **DENIES** Defendant Noel's Motion to Dismiss (Doc. 3) as moot. The Court further **CERTIFIES** under 28 U.S.C. § 1915(a)(3) that any appeal of this Order

would not be taken in good faith. The Court **DIRECTS** the Clerk to enter judgment

accordingly and **TERMINATE** this case on the docket.

      **SO ORDERED.**

October 13, 2021
**DATE**

                         **DOUGLAS R. COLE**
                         **UNITED STATES DISTRICT JUDGE**

4